[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11127
Non-Argument Calendar
_____

D. C. Docket No. 05-00097-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO VARGAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 15, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Juan Antonio Vargas appeals his conviction, after his guilty plea, for

conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 846. Vargas argues that the district court failed to adequately inform him of the nature of the charge and, but for that failure, he would not have pleaded guilty. We affirm.

Plea agreements are governed by Federal Rule of Criminal Procedure 11. Because Vargas failed to raise any objections under Rule 11 at his change-of-plea hearing, we review the matter only for plain error. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). Plain error exists when there is (1) error, (2) that is plain, and (3) that affects substantial rights. Id. A defendant who argues that a district court committed plain error under Rule 11 "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).

Vargas has failed to establish that the district court committed plain error. When a district court accepts a guilty plea, it must ensure that a defendant: (1) enters the plea free from coercion; (2) understands the nature of the charges; and (3) understands the consequences of the plea. Moriarty, 429 F.3d at 1019. Vargas argues that the district court did not ensure that he understood the nature of the charges.

This argument fails. Vargas expressed confusion at only one point during

his sentencing hearing. At the hearing, the government recounted the details of Vargas's involvement in the drug conspiracy, including Vargas's agreement to deliver cocaine to Rory Reedy and then transport the payment for that cocaine back to California. When the government finished, Vargas objected that he "never talked to [Reedy] like you said right now." Later dialogue revealed that Vargas mistakenly believed the government had alleged that Vargas, upon making a controlled delivery to Reedy after his arrest, told Reedy he would transport the payment for him. The government clarified that it meant Vargas had agreed, before his arrest, to deliver drugs to Reedy and transport the payment. Vargas then responded, "That makes sense for me. Thanks." Vargas then admitted that those facts were true.

Vargas also stated that he fully discussed the facts with his attorney, and Vargas's attorney stated that he had explained the elements of conspiracy to Vargas. Vargas acknowledged that he had made a big mistake and said he wanted to pay for it. The record does not suggest either that Vargas did not understand the charges or that he would have changed his plea had the district court explained the charges to him. The district court did not plainly err.

**AFFIRMED.**

3